UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

BARRY SCOTT MICHAELSON,

    Plaintiff,

v.

ANOKA COUNTY SHERIFF
DEPARTMENT, ANOKA COUNTY
SHERIFF, BRUCE ANDERSOHN, and
ANOKA COUNTY JAIL PROGRAMS,

    Defendants.

Civil No. 09-2720 (MJD/FLN)

**REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate at the Anoka County Jail in Anoka, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff alleges that while he has been in jail, he has been "preparing a habeas

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

corpus claim, and also another civil damages claim." (Complaint, p. 3, § IV, "Statement of Claim.") He allegedly asked certain members of the jail staff "for help in these matters," including "copies and access to the courts." (Id.) More specifically, on September 18, 2009, Plaintiff allegedly "requested to make legal copies of [his] civil habeas corpus action and other legal matters pertaining to [his] case." (Complaint, Attachment, ¶ 3.) A similar request allegedly was made on September 22, 2009. (Id., ¶ 4.) Plaintiff claims that jail personnel have consistently ignored or denied his repeated requests for "access to the courts, copies, and assistance in filing [his] legal papers pertaining to [his] civil habeas corpus." (Id., ¶ 5.)

Plaintiff is now attempting to sue the Sheriff for Anoka County. It appears that he is also attempting to sue the "Anoka County Sheriff Department," "Anoka County Jail Programs," and several individuals known only by their first names, "Mel," "Janell" and "Jill." Plaintiff claims that Defendants have violated his constitutional right of "access to the courts," because they have denied his requests for copies, and for 'assistance in filing legal papers.'

Plaintiff has described the relief he is seeking in this case as follows:

"I want the court to order the Anoka County Sheriff Department and all of its employees to assist indigent litigants in their lawful right to access the courts. Please order them to make the necessary copies, provide access to a typewriter when needed, envelopes and stamps for mailing, and free phone access to any of my legal assistants (attorneys). I also want damages in the amount of $100,000."

(Complaint, p. 3, § V, "Relief.")

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental entities

and employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. Plaintiff has not pleaded an actionable claim for denial of access to the courts, because his complaint does not describe any "actual injury" that he has suffered as a result of the events described in his complaint.

In Bounds v. Smith, 430 U.S. 817 (1977), the U.S. Supreme Court recognized that prisoners retain a limited constitutional right of access to the courts. According to Bounds, prisoners must have access to basic legal research materials or a legal assistance program, so they can pursue legal recourse in the courts. Id.; Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). However, a prison inmate has no "abstract, freestanding right" of access to legal resources. Lewis v. Casey, 518 U.S. 343, 351 (1996). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007).

In Lewis, the Supreme Court held that a prisoner lacks standing to bring an access-to-the-courts claim, unless he can show some "actual injury." 518 U.S. at 349. See also Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) ("[i]n Lewis v. Casey, the Supreme Court held, based on principles of standing, that actual injury must be proven in order to prevail on an access-to-courts claim"). Thus, an inmate cannot bring an access-to-the-courts claim unless he pleads, (and ultimately proves), that he has been deprived of some specific opportunity to defend himself, or advance a viable legal claim, in some particular action. Lewis, 518 U.S. at 351; Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). The inmate must identify some specific injury resulting from the alleged lost opportunity to litigate. Speculative injuries – i.e., injuries that might occur, or could have occurred – are not sufficient. See Hartsfield v. Nichols, 511 F.3d 826, 833 (8th Cir. 2008) ("[a]bsent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative").

A prisoner who claims that he has been denied his constitutional right of access to the courts must allege facts showing some specific harm to a particular legal right, which is directly attributable to inadequate access to legal resources. "[I]n order to establish a claim of constitutional dimensions, an inmate must come forward with something more than vague and conclusory allegations of harm. He must establish some specific prejudice...." Bannan v. Angelone, 962 F.Supp. 71, 74 (W.D.Va. 1996). "Plaintiffs must demonstrate, for example, that the inadequacy" of access to legal resources "caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).

4

While a pro se pleading is to be liberally construed, it still must allege facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Thus, to plead an actionable claim for denial of access to the courts, a prisoner must allege specific facts, which, if ultimately proven true, would satisfy the "actual injury" requirement of Lewis v. Casey. Conclusory allegations that a prisoner might suffer some unspecified harm or prejudice are not sufficient. The inmate must show some specific actual injury in some specific court action.

Here, Plaintiff has not pleaded an actionable claim for denial of access to the courts, because his complaint does not identify any specific occasion when he actually lost a specific substantive legal right as a direct result of the alleged restrictions on his access to legal resources. Plaintiff broadly alleges that he has been "preparing a habeas corpus claim, and also another civil damages claim," but he has alleged no facts showing that any of the named Defendants has prevented him from filing any such claim. The complaint includes no factual allegations showing that Plaintiff has actually lost any sustainable claim or defense, in a pending or contemplated court proceeding, which would have been preserved if he had been provided adequate legal resources. Nor has Plaintiff pleaded any specific facts showing that he will inevitably lose some clearly identifiable legal right because of Defendants' allegedly wrongful acts and omissions.

5

In sum, even with the benefit of liberal construction, Plaintiff's current pleading does not state an actionable claim for denial of access to the courts, because it does not adequately identify any "actual injury." Again, Plaintiff has not alleged any facts showing that any specific viable claim or defense actually has been, or will be, lost as a direct result of the alleged denial of access to legal resources. See Sabers, 100 F.3d at 84 (access-to-courts claim was properly dismissed where prisoner "offered no facts" showing that alleged lack of legal resources actually "prejudiced her in a legal case").

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state an actionable claim for denial of access to the courts, and that his complaint must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff remains liable for the unpaid balance of the $350 filing fee.[2] To date, he has not paid any fee at all, so he still owes the full $350 fee. Jail officials will have to deduct that amount from his jail trust account and pay it to the Clerk of Court in the manner

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).


Dated: October  14 , 2009

               *s/ Franklin L. Noel*
               FRANKLIN L. NOEL
               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 28, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.